UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVIS SPECIALTY CONTRACTING, INC.,
a Michigan corporation,

                Plaintiff/Counter-Defendant,

vs

TURNER CONSTRUCTION COMPANY,
a New York corporation,

                Defendant/Counter-Plaintiff.

Case No.: 13-10352
Hon. Matthew F. Leitman

---

## SUPPLEMENTAL POST-TRIAL BRIEF ON BEHALF OF TURNER CONSTRUCTION COMPANY

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION...........................................................................1

II.     ARGUMENT .................................................................................1

III.    CONCLUSION ..............................................................................7

# TABLE OF AUTHORITIES

## Cases

*Burton Brothers v Lake*, 1997 WL 33350529 .................................................. 1, 2, 4

*Corl v Huron Castings, Inc*, 450 Mich 620; 544 NW2d 278 (1996) ................ 1, 2, 4

*Hubbard Broad, Inc. v Loecher*, 291 NW2d 216 (Minnesota 1980) ........................ 4

*Kewin v Massachusetts Mutual*, 409 Mich 401, 295 NW2d 50 (1980) .................... 2

*McConal Aviation Inc. v Commercial Aviation Insurance Company*, 799 P2d 133 (N.M. 1990) .......................................................................................... 4

*Metoyer v Auto Club Family Insurance Company*, 536 FSupp2d 664 (E.D. Louisiana 2008) .................................................................................................. 6

*Pavarini Construction Company v Ace American Insurance Company,* Case #14-cv-20524-KING, United States District Court, Southern District of Florida ................................................................................................................ 6

*Pennington v Whiting Tubular Products, Inc*, 370 Mich 590; 122 NW2d 692 (1963) .............................................................................................................. 1

*State Farm Mutual Auto Insurance Company v Malbone*, 569 A2d 71 (Delaware 1989) ................................................................................................ 4

*Tebo v Havlik*, 418 Mich 350; 343 NW2d 181 (1984) ........................................... 1

## Other Authorities

John G. Fleming, *The Collateral Source Rule and Contract Damages*, (California Law Review, January 1983) ............................................................. 3

Joseph M. Perillo, *The Collateral Source Rule in Contract Cases*, (San Diego Law Review, 46 San Diego L. Rev. 705 August/September 2009) ........... 3

## I.     INTRODUCTION

Turner Construction Company ("Turner") submits this Supplemental Post-Trial Brief at the request of the Court to address one specific issue:  Whether the Court should apply the collateral source rule to the present case in the event it awards damages to Turner?   The answer is yes.   Application of the collateral source rule in this instance is proper given the unique nature of the Subguard policy and the contractual obligations of Turner pursuant to the policy to recover monies recovered from responsible third parties.

## II.     ARGUMENT

As the Court is aware, the general rule in Michigan is the common-law collateral source rule provides the recovery of damages from a tortfeasor is not reduced by the receipt of compensation from other sources, such as insurers.  *Tebo v Havlik*, 418 Mich 350; 343 NW2d 181 (1984).  The Michigan Supreme Court has held the collateral source rule does not apply in contract cases. [1]  *Corl v Huron Castings, Inc*, 450 Mich 620; 544 NW2d 278 (1996).  See also *Burton Brothers v Lake*, 1997 WL 33350529.  (Exhibit A).  However, the Michigan Supreme Court has also recognized there are exceptions to the general, but not immutable, rule of

---

[1] The court's decision was based on a narrow 4-3 margin.  Two separate dissents were issued disputing the basis of the decision on an improper reading of *Pennington v Whiting Tubular Products, Inc*, 370 Mich 590; 122 NW2d 692 (1963), which held unemployment benefits need not be deducted from a contract damage award.

1

recovery in a breach of contract case. *Kewin v Massachusetts Mutual*, 409 Mich 401, 295 NW2d 50 (1980). The unique factual situation in this case allows for one such exception that is consistent with contractual principles to make the non-breaching party whole without punishing the breaching party.

In *Corl*, an employee sued his employer for wrongful discharge of an employment contract. After the jury returned a verdict for the employee, the court entered judgment that included a $6,200 deduction for unemployment compensation benefits plaintiff had received. Plaintiff later petitioned the court to enhance the award by $6,200, arguing unemployment compensation benefits were a collateral source and should be added to the contract damage award. The trial court judge agreed and added the value of the benefits to the judgment. On appeal, the court of appeals affirmed, but the Supreme Court reversed, holding the collateral source rule does not apply in cases of common law contract. The court reasoned that to hold otherwise would be in direct conflict with the principle that the remedy for breach of contract focuses on making a non-breaching party whole and not to punish the breaching party. *Id*. at 625-626. In short, the court believed the employee would get the benefit of a double-dip award at the expense of the employer if unemployment benefits were added to the award.

In *Burton Brothers*, a broken water pipe did extensive damage to defendants' home and plaintiff was hired to repair the damage. Defendants

2

claimed they had been overcharged on certain items and plaintiff sued to recover the disputed portion. The district court decided in favor of plaintiff, but credited defendants nearly $8,000 for double billing and other offsets. Defendants requested additional relief and argued the court improperly took the receipt of insurance proceeds into consideration. The court disagreed based on the fact defendants had been paid the entire claim by their homeowner's insurance, including amounts the court credited defendants. The court refused to apply the collateral source rule because defendants were not damaged and were made more than whole. In fact, the court opined the insurer, not defendants, were damaged due to the overpayment.

Although case law is scant on the rationale of the collateral source rule, two scholarly articles conclude there is no principle distinction in the application of the rule between contract and tort. See John G. Fleming, *The Collateral Source Rule and Contract Damages*, (California Law Review, January 1983) and Joseph M. Perillo, *The Collateral Source Rule in Contract Cases*, (San Diego Law Review, 46 San Diego L. Rev. 705 August/September 2009) (Exhibit B). The articles conclude the collateral source rule should be properly invoked in contract cases if its application places the responsibility for losses on the party causing them without over compensating the invoker. *Hubbard Broad, Inc. v Loecher*, 291

3

NW2d 216 (Minnesota 1980); *McConal Aviation Inc. v Commercial Aviation Insurance Company*, 799 P2d 133 (N.M. 1990).[2]

The present case is distinguishable from the limited line of cases holding the collateral source rule does not apply to contract actions. In both *Corl* and *Burton Brothers*, the workers compensation benefits and insurance proceeds were paid out and not required to be paid back (absent fraud). In both cases, application of the collateral source rule would cause a windfall or duplication of benefits. In addition, there was not a contractual obligation on behalf of either party to recover the amount of monies received from responsible third parties. That is not the case here.

The Subguard policy is not a typical insurance contract. Unlike the other cases, this is hybrid claim because of the express obligation to protect the interests of Zurich and the repayment provision contained within the policy.[3] The express terms of the policy requires Turner to:

---

[2] The Delaware Supreme Court has stated, *in dicta*, even double recovery is acceptable if a person pays consideration to receive insurance benefits. If the insured has paid consideration for recovery from a collateral source, then recovery should be allowed. *State Farm Mutual Auto Insurance Company v Malbone*, 569 A2d 71, 75 (Delaware 1989). Turner paid significant premiums in consideration to receive the benefit. To deduct the amount received actually penalizes Turner for the benefit of its own bargain to protect itself against adverse results.

[3] In addition, all payments received by Turner are conditioned upon the court's finding of a default (or breach) and damages. As a result, there is a significant negative or adverse implication if the court doesn't find a default or that Turner sustained damages.

4

"cooperate with us in the investigation, settlement, or defense of any claim or suit; you must assist us, upon reasonable request, including but not limited to filing any claims and enforcing any liens or security interests against a Subcontractor/Supplier or its property, in the enforcement of any right against any person or organization which may be liable to you because of Loss to which this insurance applies." (Exhibit 131, Art VIII)

In the event of a recovery, the funds are required to be shared with Zurich per the policy:

"After payment of any Qualifying Loss, any such funds or salvage recovered *will* be shared between You and Us as follows: . . . (*Id.* Article XVIII)."

As a result of the express language in the policy, this case is similar to a subrogation action, but the only difference is the insured, not the insurer, is required to recover.[4]  Because the proceeds received by Turner must be paid to Zurich, and due to the contractual requirement to pursue claims on behalf of the insurer, application of the collateral source rule is proper.

The earlier Michigan decisions did not look at applying the collateral source rule in cases sounding in subrogation.  As such, this is a case of first impression.  If the collateral source will be subrogated for its payment to the insured (in this case Turner), there is a rational policy basis to apply the rule to contract cases involving subrogation rights.  Quite simply, the subrogation right negates the negative effects

---

[4] The contractual obligation also promotes judicial economy and avoids Zurich from filing a separate action against Davis in the event Turner is awarded damages in an amount offset by the payments received.

of the collateral source rule in a contract claim. *Metoyer v Auto Club Family Insurance Company*, 536 FSupp2d 664 (E.D. Louisiana 2008). The fact Zurich is contractually subrogated to Turner's recovery of actual damages rebuts any argument or policy concern the award is punitive or that Turner will reap the reward of a double recovery. Instead, any award to Turner will effectively be reduced by the amount paid by Zurich. *Id*; see also *Pavarini Construction Company v Ace American Insurance Company,* Case #14-cv-20524-KING, United States District Court, Southern District of Florida (Due to the contractual obligation of plaintiff to pursue recovery on behalf of the insurer, plaintiff, for itself and on behalf of the insurer, was entitled to recover over $23 million in damages. The court likened recovery to that of a subrogation case, noting the only distinction is the contractual duty to pursue recovery fell upon the insured rather than the insurer. *Id* at page 7.) (Exhibit C).

Based on the express contractual obligation of Turner to pursue claims against Davis on behalf of its insured, and reimburse Zurich any funds received, the collateral source rule should apply to this action. A full award, not reduced by payments received from Zurich, makes Turner whole and satisfies its contractual obligation to recover on Zurich's behalf. Turner does not recover twice. Davis Specialty is not punished. And basic contract principles are not harmed. In addition, application of the collateral source rule in this case serves a secondary

6

benefit to Davis by avoiding a subsequent lawsuit by Zurich to recover amounts paid to Turner.

### III.   CONCLUSION

For the reasons stated above, Turner Construction Company respectfully requests the Court to apply the collateral source rule in this action and award damages to Turner in the amount of $3,294,220.50.[5]

<div style="margin-left: 40%;">

Respectfully Submitted,
DICKINSON WRIGHT PLLC
By: /s/ Christopher A. Cornwall
Christopher A. Cornwall (P42721)
Attorney for Defendant
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500

</div>

Dated:  December 23, 2015

---

[5] The total economic loss as of submission was submitted as $3,518,093.12, which includes costs and attorney fees.  Zurich has approved and paid the amount of $3,270,157.00.  (Exs 117 and 132).

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2015, I electronically filed the foregoing paper with the Clerk of the Court with the Eastern District of Michigan using the ECF system; which will send notification to all counsel of record by CM/ECF.

/s/ Christopher A. Cornwall
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
ccornwall@dickinsonwright.com

DETROIT 21925-115 1373120v1

8